IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| Cassie Green a.k.a<br>Cassie Hayes- McDonald,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company;<br><br>Americollect, Inc., a foreign corporation,<br><br>Pennsylvania Higher Education Assistance<br>Agency Parents' Association, Inc., a<br>foreign corporation,<br><br>First Premier Bank, a foreign corporation,<br><br>Barclays Bank Delaware, a foreign<br>corporation,<br><br>Ally Financial, Inc., a foreign corporation,<br>and<br><br>Comenity, LLC, a foreign corporation,<br><br>Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, CASSIE GREEN a.k.a. CASSIE HAYES-MCDONALD, BY AND THROUGH COUNSEL, Richard M. Maseles, and for her Complaint against the Defendants, pleads as follows:

1

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences that give rise to this action occurred in the City of Black Jack, St. Louis County, Missouri.

4. Venue is proper in the Eastern District of Missouri, Eastern Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Black Jack, St. Louis County, Missouri.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Missouri;

   b. Americollect, Inc. ("Americollect") is a foreign corporation that conducts business in the State of Missouri;

c. Pennsylvania Higher Education Assistance Agency Parents' Association, Inc. ("PHEAA") is a foreign corporation that conducts business in the State of Missouri;

d. First Premier Bank ("First Premier") is a foreign corporation that conducts business in the State of Missouri;

e. Barclays Bank Delaware ("Barclays") is a foreign corporation that conducts business in the State of Missouri;

f. Ally Financial, Inc. ("Ally Financial") is a foreign corporation that conducts business in the State of Missouri; and

g. Comenity, LLC, ('Comenity") is a foreign corporation that conducts business in the State of Missouri.

## **GENERAL ALLEGATIONS**

7. Americollect, PHEAA, First Premier, Barclays, Ally Financial and Comenity (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "accounts in dispute" on Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradelines.

9. On February 17, 2020, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with a notation of "accounts in dispute."

3

10. On or about March 25, 2020, Plaintiff submitted a letter to Equifax requesting that the credit bureau remove the notation of "accounts in dispute."

11. Equifax forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

12. Equifax and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

13. Plaintiff had not received Equifax's investigation results. Therefore, on April 28, 2020, Plaintiff obtained her Equifax's credit disclosure, which showed that Equifax and the Furnishers failed or refused to remove the notation of "accounts in dispute."

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## **COUNT I**

### **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AMERICOLLECT**

4

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Americollect negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

17. Americollect negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

18. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

19. As a direct and proximate cause of Americollect's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Americollect is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Plaintiff has a private right of action to assert claims against Americollect arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Americollect for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AMERICOLLECT

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Americollect willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

24. Americollect willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Americollect's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Americollect is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Americollect for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, PHEAA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

29. PHEAA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

30. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

31. As a direct and proximate cause of PHEAA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

7

32. PHEAA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Plaintiff has a private right of action to assert claims against PHEAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for damages, costs, interest, and attorneys' fees.


## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, PHEAA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

36. PHEAA willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of PHEAA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. PHEAA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

41. First Premier negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

42. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

43. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

45. Plaintiff has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

48. First Premier willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

49. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

50. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Barclays negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

53. Barclays negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

54. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

55. As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

56. Barclays is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

57. Plaintiff has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Barclays for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

60. Barclays willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

61. As a direct and proximate cause of Barclays' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

62. Barclays is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL**

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Ally Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

65. Ally Financial negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

66. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

67. As a direct and proximate cause of Ally Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

68. Ally Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

69. Plaintiff has a private right of action to assert claims against Ally Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally Financial for damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Ally Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

72. Ally Financial willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

73. As a direct and proximate cause of Ally Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

74. Ally Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Comenity negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

77. Comenity negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

78. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

79. As a direct and proximate cause of Comenity's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

80. Comenity is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

81. Plaintiff has a private right of action to assert claims against Comenity arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Comenity for damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Comenity willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

84. Comenity willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

85. As a direct and proximate cause of Comenity's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

86. Comenity is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Comenity for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

87. Plaintiff realleges the above paragraphs as if recited verbatim.

88. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

89. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

90. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

91. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

92. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

93. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

19

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

94. Plaintiff realleges the above paragraphs as if recited verbatim.

95. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

96. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

97. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

98. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

99. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

100.     Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 19, 2020

By: */s/Richard M. Maseles*
Richard M. Maseles
ED MO Bar # 58243MO
110 Crestmere Ave.
Columbia, MO 65203
richard@richardmaseles.com
*Attorneys for Plaintiff,*
*Cassie Green a.k.a.*
*Cassie Hayes- McDonald*

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840