**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CASSIE GREEN a.k.a.** | ) | |
| **CASSIE HAYES-MCDONALD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | **Civil Action No.** |
| **LLC, AMERICOLLECT, INC.,** | ) | **4:20-cv-01096-SRC** |
| **PENNSYLVANIA HIGHER EDUCATION** | ) | |
| **ASSITANCE AGENCY PARENTS'** | ) | |
| **ASSOCIATION, INC., FIRST PREMIER** | ) | |
| **BANK, BARCLAYS BANK DELAWARE,** | ) | |
| **ALLY FINANCIAL, INC., and** | ) | |
| **COMENITY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S SUGGESTIONS IN SUPPORT OF HER RESPONSE TO DEFENDANT**
**COMENITY, LLC'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

NOW COMES the Plaintiff, CASSIE GREEN, by and through her counsel, and responds

to Defendant Comenity, LLC's ("Comenity") Motion to Compel Arbitration and to Dismiss Ms.

Green's claims as follows:

**SUMMARY OF THE PARTIES' POSITIONS**

Comenity argues Ms. Green is bound by the arbitration agreement contained in a credit

card account agreement and therefore requests an order compelling her to arbitrate her claims

against Comenity and to dismiss all her claims against Comenity.  Ms. Green argues she did not

assent to the agreement to arbitrate because she did not know about any purported arbitration

agreement with Comenity when she signed up for the credit card account. Further, Ms. Green

argues she did not receive the credit card agreement in the mail and therefore never assented to the

arbitration agreement contained therein.  Finally, without saying so, Comenity relies upon the common-law "mailbox rule" presumption, that a letter properly addressed and mailed is presumed to have been delivered to its addressee. However, as Ms. Green will show, Comenity is not entitled to that presumption. Accordingly, she is not bound by Comenity's purported arbitration agreement, and Comenity's motion should be denied.

### STATEMENT OF FACTS

Ms. Green filed the above-captioned action on August 19, 2020, naming Comenity as a defendant, along with other defendants.  (Doc #1.)  Comenity did not file an answer after being served with the complaint.  Despite no effort on Comenity's part to do any discovery,  Comenity filed a Motion to Compel Arbitration and to Dismiss on October 12, 2020 (Doc #3.) and its Suggestions in Support of Motion to Compel Arbitration and to Dismiss (Doc # 4.) ("Motion")  In support of its Motion, Comenity submitted a declaration of Olimatta Strickland, a paralegal for Comenity, which based upon her review of corporate records but not firsthand knowledge, she states that Ms. Green was "shown a copy of the Account Agreement and required to consent to its terms prior to submitting her application online." (Doc # 4-1 p. 4, ¶ 11.) Ms. Strickland further states that Ms. Green was mailed a copy of the account agreement pursuant to "policy and procedures" and that it has no record of the mail being returned.  (Doc # 4-1, p. 3, ¶ 13.)  Comenity attached the purported account agreement, which contains the arbitration provision at issue.  (Doc #4-1, Exhibit A to Exhibit 1, pp 5-11.)

Ms. Green denies that Comenity provided the purported credit card agreement containing the arbitration agreement to her at the time she opened the account.  She further denies that she received the purported credit card account agreement containing the arbitration provision in the

mail. See Exhibit A to these suggestions. Consequently, Ms. Green did not assent or agree to the arbitration provision, rendering it invalid and unenforceable for the reasons stated below.

## STANDARD OF REVIEW

Motions to compel arbitration are reviewed under a summary judgment standard. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.;* see also *Flintkote Co. v. Aviva PLC¸*769 F.3d 215, 219 (3d Cir. 2014). Courts apply this standard because "an order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Flintkote Co.,* 769 F.3d at 219.

## LAW & ARGUMENT

When Congress passed the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., it "sought to counteract an historic judicial hostility toward arbitration, which often trumped the parties' clear intentions." *Schnabel v. Trilegiant Corp.,* 697 F.3d 110, 118 (2d Cir. 2012); *see also Allied-Bruce Terminix Cos. Inc. v. Dobson*, 513 U.S. 265, 272, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995). The FAA places arbitration agreements on the same footing as other contracts but "does not require parties to arbitrate when they have not agreed to do so." *Volt Info. Scis. Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). "The threshold question facing any court considering a motion to compel arbitration is therefore whether the parties have indeed agreed to arbitrate." *Schnabel*, 697 F.3d at 118.

### 1.  **The arbitration agreement is not a valid contract**

The FAA "establishes a liberal federal policy favoring arbitration agreements." *M.A. Mortenson Co. v. Saunders Concrete Co*., 676 F.3d 1153, 1156 (8th Cir. 2012). "A court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate

exists and, if it does, (2) whether the agreement encompasses the dispute." *Pro Tech Indus., Inc.*
*v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004); *see also* 9 U.S.C. §§ 2, 4.  Therefore, the
fundamental question before the Court is whether the Arbitration Agreement is a valid contract.

Under Missouri law, "[t]he essential elements of any contract, including one for
arbitration, are offer, acceptance, and bargained for consideration." *Baker v. Bristol Care, Inc.,*
450 S.W.3d 770, 774 (Mo. banc 2014); *see also Bellemere v. Cable-DahmerChevrolet Inc.,* 423
S.W.3d 267, 273 (Mo. App. W.D. 2013) (describing the essential elements of a contract as "(1)
competency of the parties to contract; (2) subject matter; (3) legal consideration; (4) mutuality of
agreement; and (5) mutuality of obligation").

"Offer and acceptance requires a mutual agreement. A mutual agreement is reached when
the minds of the contracting parties meet upon and assent to the same thing in the same sense at
the same time." *Baier v. Darden Rests.*, 420 S.W.3d 733, 738 (Mo. App. W.D. 2014) (internal
citations omitted).  As the party seeking to compel arbitration, Comenity has "the burden of
proving the existence of a valid and enforceable arbitration agreement." *Clemmons v. Kansas
City Chiefs Football Club, Inc.*, 397 S.W.3d 503, 506 (Mo. App. W.D. 2013).

Here, Comenity fails to show that Ms. Green was provided a copy of the credit card account
agreement at the time she opened the credit card account online.  There is no signature of Ms.
Green on the account agreement attached to the Motion indicating receipt of the agreement.
Instead, this Court is told by a paralegal that Ms. Green must have agreed to the credit card account
agreement because its "policies and procedures" are to include the arbitration agreement in the
credit card agreement. *See* Declaration of Olimatta Strickland ¶¶ 13-14.  Ms. Green did not receive
and did not know about any purported arbitration agreement with Comenity at the time she opened
the account. *See* Declaration of Cassie Green, ¶¶ 2-4, attached as Exhibit A. Comenity then states

4

that the arbitration agreement was subsequently mailed to Ms. Green based upon "policies and procedures" and Ms. Strickland's review of records pertaining to the account. Strickland Declaration ¶ 13.

Moreover, Ms. Green did not receive the credit card agreement containing the arbitration clause in the mail. Green Declaration ¶ 4. There is no document provided showing she signed or otherwise received the credit card agreement at any time, other than the representation that is what is supposed to happen that way.

There were any number of other ways through which Comenity could have met the minimum requirements of notice and agreement. However, Comenity did not take advantage of these protective measures. Accordingly, Ms. Green was given no notice of the existence of the arbitration agreement, much less its terms; therefore, she could not assent to the arbitration agreement. As a result, the arbitration agreement is unenforceable, and Comenity's Motion must be denied.

## 2. **The arbitration agreement is unenforceable, as it is unconscionable**

Even if this Court decides Ms. Green somehow assented to the arbitration agreement, the Court's next inquiry in this case is whether she entered into an enforceable arbitration agreement with Comenity. This inquiry necessarily involves a review of the applicable state's contract law. "Before a federal court can apply state law principles to determine the validity of an arbitration agreement, it must determine which state's laws apply. It makes the determination using the choice-of-law rules of the forum state…." *Pokorny v. Quixtar, Inc.* 601 F.3d 987, 994 (9th Cir. 2010).

Under Missouri law, the doctrine of unconscionability allows a court to invalidate contracts that subject one of the parties to an absence of meaningful choice and unfairly oppressive terms.

*State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006) Generally, either procedural and substantive unconscionability must be shown before a contract can or clause can be voided. *Id*. Procedural unconscionability focuses on the process of making a contract and involves factors such as high-pressure sales tactics, unreasonable fine print, misrepresentation, or unequal bargaining positions. *Whitney v. Alltel Commc'ns, Inc.,* 173 S.W.3d 300, 308 (Mo. App. W.D. 2005, *abrogated in part on other grounds by Brewer v. Missouri Title Loans, Inc*., 323 S.W.3d 18, 22 (Mo. banc 2010). Substantive unconscionability relates to the contractual language and arises when the terms of an arbitration agreement are unduly harsh. *Id*.

In this case, Ms. Green could not obtain credit to make necessary purchases without being forced to accept the terms and conditions of a standardized agreement, one well hidden in the volumninous standardized agreement. The terms and conditions of that agreement were determined at the sole discretion of Comenity. Ms. Green is not an experienced professional capable of understanding and intending the agreements Comenity claims she made. The credit card agreement, which includes the arbitration agreement at issue, is attached to Strickland's declaration (Doc #4-1, Exhibit A to Exhibit 1, pp. 5-11). It contains both technical and legal jargon, which often results in confusion and ambiguity to an unsophisticated layperson such as Ms. Green. Further, the only way she could have opted out of arbitration is buried on p. 10 of Strickland's declaration in section 1(I)(C)1, which instructs a consumer like Ms. Green to mail a written notice expressly stating that she is rejecting an agreement to arbitrate to a particular address.

### 3. Comenity is not entitled to the "mailbox rule" presumption because because mail it sends to Ms. Green does not reach her

While not set out in the Federal Rules of Civil Procedure, the common-law "mailbox rule" is alive, well, and the law of the Eighth Circuit. In *Davis v. U.S. Bancorp*, 383 F.3d 761 (8th Cir.

2004) the Circuit Court stated the rule that a properly mailed document is presumed to be received by the addressee. Applying this rule, the Circuit Court affirmed the District Court's judgment that a mailing purportedly sent by the bank, supported by an affidavit of mailing, raised a sufficient presumption to support a judgment in the Bank's favor.

In this case, however, Comenity has helpfully sent the undersigned attorney documentary evidence that at least two pieces of mail addressed to Ms. Green was not sent to her address— but to the undersigned counsel's address. A true copy of the mail piece (which, it is assumed from its appearance, contains a bill for recent charges Ms. Green made) is attached to these suggestions as Exhibit 1. It is the second such mail piece Comenity has sent to Ms. Green's counsel, who enclosed the first piece (sent slightly more than a month ago, but before Comenity filed this motion) in a larger encelope and sent it to Ms. Green in order to help her maintain her credit reputation.[1]

It is true that Ms. Green's counsel listed his own address as a mailing address for Ms. Green on the Court's docket sheet, but *for this litigation only*. Ms. Green and her counsel hope that the erroneous mailings were due to confusion on Comenity's part as to where to send Ms. Green her bills, and not for any specious purpose or for harassment. In any case, if Comenity cannot send Ms. Green's current bills to her right address, it is not entitled to a presumption that its mail piece was properly mailed, or that its contents were what they usually would have been.

### 4.  <u>Dismissal is inappropriate in this case</u>

Comenity also requests that this Court enter an order dismissing this case pending the submission of Ms. Green's claims to arbitration. Section 3 of the FAA (9 U.S.C. § 3) provides:

> If any suit or proceeding be brought in any of the courts of the United States upon
> any issue referable to arbitration under an agreement in writing for such arbitration,
> the court in which such suit is pending, upon being satisfied that the issue involved

---

[1] As an officer of this Court, the undersigned counsel states that the first mail piece looked exactly like the one pictured in Exhibit 1.

in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties *stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

(Emphasis added.)

Dismissal is only appropriate when *all of the issues* raised in the complaint are submitted to arbitration in accordance with a valid and enforceable arbitration agreement. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis added). When arbitration is compelled, "[t]he FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. SuperShuttle Intern., Inc.,* 653 F.3d 766, 769 (8th Cir. 2011) (*citing* 9 U.S.C. § 3).

In this case, dismissal is inappropriate because not all the issues raised in the complaint are subject to arbitration as, among other matters, this case makes claims against other defendants, who have yet to answer Ms. Green's complaint.  Referring the matter to arbitration as to her claims against Comenity's claims does not at this time resolve all the issues in her pending complaint as filed, and this matter should not be dismissed.

## CONCLUSION

Based on these facts and arguments, Ms. Green asks this Court to find that the arbitration agreement associated with the credit card agreement was procedurally and substantively unconscionable and, therefore, unenforceable.   Therefore, Comenity's Motion to Compel Arbitration should once again be denied, this time with prejudice.

Accordingly, Plaintiff Cassie Green requests this Court to deny Comenity's Motion to Compel Arbitration and to Dismiss.

DATED: October 26, 2020

By: */s/Richard M. Maseles*
Richard M. Maseles
ED MO Bar # 58243MO
110 Crestmere Ave.
Columbia, MO 65203
richard@richardmaseles.com
*Attorneys for Plaintiff,*
*Cassie Green a.k.a.*
*Cassie Hayes- McDonald*

**Certificate of Service**

On October 26, 2020, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via the Court's CM/ECF system.

/s/ Richard M. Maseles

## DECLARATION OF CASSIE GREEN

Pursuant to 28 U.S.C. § 1746, I, Cassie Green, hereby declare under the penalties for perjury under the laws of the United States of America that the following is true and correct:

1.      I am the plaintiff in the above-captioned action and can testify to the following facts based upon my personal knowledge.

2.      I did not receive the document filed with this Court as ECF No. 4-1 pp. 5-11, or any other purported credit card agreement with Comenity Bank and Torrid, at the time I opened the Torrid credit card account.

3.      I did not receive any notice, in any form, of any purported arbitration agreement with Comenity Bank and Torrid at the time I opened the Torrid credit card account.

4.      I did not receive the credit card agreement in the mail along with the credit card.

5.      I did not, and do not, agree to arbitrate my claims against Comenity Bank and Torrid.


PURSUANT TO 28 U.S.C. § 1746, I HEREBY DECLARE UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOLLOWING IS TRUE AND CORRECT.


Dated: October 22, 2020                              /s/ Cassie Green
                                                     Cassie Green (signed by permission)




## EXHIBIT A



**EXHIBIT B**