IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| Cassie Green a.k.a<br>Cassie Hayes- McDonald,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>Trans Union, LLC,<br>Americollect, Inc.,<br>Pennsylvania Higher Education Assistance<br>Agency dba FedLoan Servicing,<br>Barclays Bank Delaware,<br>Ally Financial, Inc.,<br>Caine & Weiner Company, Inc.,<br><br>Defendants. | Case No.: 4:20-cv-01096-SRC<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, CASSIE GREEN a.k.a. CASSIE HAYES-MCDONALD, BY AND THROUGH COUNSEL, Richard M. Maseles, and for her First Amended Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

1

**VENUE**

3. The transactions and occurrences that give rise to this action occurred in the City of Black Jack, St. Louis County, Missouri.

4. Venue is proper in the Eastern District of Missouri, Eastern Division.

5. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

**PARTIES**

6. Plaintiff is a natural person residing in City of Black Jack, St. Louis County, Missouri.

7. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Missouri;

   b. Trans Union, LLC ('Trans Union") is a foreign limited liability company that conducts business in the State of Missouri;

   c. Americollect, Inc. ("Americollect") is a foreign corporation that conducts business in the State of Missouri;

   d. Pennsylvania Higher Education Assistance Agency dba FedLoan Servicing ("PHEAA") is a foreign corporation that conducts business in the State of Missouri;

2

e. Barclays Bank Delaware ("Barclays") is a foreign corporation that conducts business in the State of Missouri;

f. Ally Financial, Inc. ("Ally Financial") is a foreign corporation that conducts business in the State of Missouri; and

g. Caine & Weiner Company, Inc. ("Caine & Weiner") is a foreign corporation that conducts business in the State of Missouri.

## **GENERAL ALLEGATIONS**

8.  Americollect, PHEAA, Barclays, Ally Financial and Caine & Weiner (collectively "Furnishers") are inaccurately reporting their respective Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit files.

9.  Specifically, Americollect, PHEAA, Barclays and Ally Financial are inaccurately reporting their respective tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax credit file.

10. Caine & Weiner is inaccurately reporting its tradeline with an erroneous notation of "account in dispute" on Plaintiff's Trans Union credit file.

11. Plaintiff no longer disputes the Errant Tradelines.

12. On February 17, 2020, Plaintiff obtained her Equifax credit disclosure and noticed the Americollect, PHEAA, Barclays and Ally Financial Errant Tradelines reporting with a notation of "accounts in dispute."

13. On or about March 24, 2020, Plaintiff submitted a letter to Equifax requesting that the credit bureau remove the notation of "accounts in dispute."

14. Equifax forwarded Plaintiff's consumer dispute to Americollect, PHEAA, Barclays and Ally Financial. Americollect, PHEAA, Barclays and Ally Financial received Plaintiff's consumer dispute from Equifax.

15. Plaintiff had not received Equifax's investigation results. Therefore, on April 28, 2020, Plaintiff obtained her Equifax's credit disclosure, which showed that Equifax, Americollect, PHEAA, Barclays, and Ally Financial failed or refused to remove the notation of "accounts in dispute."

16. On August 5, 2020, Plaintiff obtained her Trans Union credit disclosure and noticed the Caine & Weiner Errant Tradeline reporting inaccurately with an erroneous notation of "account in dispute."

17. On or about September 28, 2020, Plaintiff submitted a letter to Trans Union stating that she no longer disputes the Caine & Weiner Errant Tradeline and requesting the credit bureau to remove the notation of "account in dispute."

18. Trans Union forwarded Plaintiff's consumer dispute to Caine & Weiner. Caine & Weiner received Plaintiff's consumer dispute from Trans Union.

19. Plaintiff had not received Trans Union's investigation results. Therefore, on November 13, 2020, Plaintiff obtained her Trans Union credit disclosure, which showed that Trans Union and Caine & Weiner failed or refused to remove the notation of "account in dispute."

20. Defendant's failure to remove the erroneous notation of "account in dispute" makes the tradeline false and misleading to any user of the credit report. It also damages the Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same as no conventional lender will grant a mortgage based on any credit report that has any tradeline or other item flagged as disputed.

21. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AMERICOLLECT

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Americollect negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

24. Americollect negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

25. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

26. As a direct and proximate cause of Americollect's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Americollect is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Plaintiff has a private right of action to assert claims against Americollect arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Americollect for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AMERICOLLECT**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Americollect willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

31. Americollect willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of Americollect's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Americollect is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Americollect for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, PHEAA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

36. PHEAA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

37. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

38. As a direct and proximate cause of PHEAA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. PHEAA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

40. Plaintiff has a private right of action to assert claims against PHEAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, PHEAA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

43. PHEAA willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

44. As a direct and proximate cause of PHEAA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

9

45. PHEAA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Barclays negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

48. Barclays negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

49. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

50. As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. Barclays is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

52. Plaintiff has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Barclays for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

55. Barclays willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

56. As a direct and proximate cause of Barclays' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. Barclays is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Ally Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

60. Ally Financial negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the remove the notation of "account in dispute."

61. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

62. As a direct and proximate cause of Ally Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

63. Ally Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

64. Plaintiff has a private right of action to assert claims against Ally Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally Financial for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Ally Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

67. Ally Financial willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

68. As a direct and proximate cause of Ally Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

69. Ally Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

14

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAINE & WEINER

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. After being informed by Trans Union of Plaintiff's consumer dispute of the erroneous notation, Caine & Weiner negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

72. Caine & Weiner negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the remove the notation of "account in dispute."

73. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such tradeline.

74. As a direct and proximate cause of Cine & Weiner's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

75. Caine & Weiner is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

76. Plaintiff has a private right of action to assert claims against Caine & Weiner arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Caine & Weiner for damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAINE & WEINER

77. Plaintiff realleges the above paragraphs as if recited verbatim.

78. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Caine & Weiner willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to remove the notation of "account in dispute."

79. Caine & Weiner willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

80. As a direct and proximate cause of Caine & Weiner's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

16

81. Caine & Weiner is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Caine & Weiner for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

84. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

85. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

86. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

87. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

88. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

89. Plaintiff realleges the above paragraphs as if recited verbatim.

90. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

91. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

92. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

93. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

94. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

95. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

96. Plaintiff realleges the above paragraphs as if recited verbatim.

97. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

98. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

99. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

100. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

101. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

102. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

103.    Plaintiff realleges the above paragraphs as if recited verbatim.

104.    Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

105.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

106.    Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

107.    After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

108.    As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

109.    Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY AMERICOLLECT

110.    Plaintiff reincorporates the above paragraphs as if recited verbatim.

111.    At all relevant times, Defendant, Americollect, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

112.    Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

113.    Defendant, Americollect is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22

114.    Defendant Americollect's foregoing acts in attempting to collect this

alleged debt violated the following provisions of the FDCPA:

    a.  15 U.S.C. §1692e by reporting credit information which is known to be

       false.

115.    To date, and as a direct and proximate cause of the Americollect's

failure to honor its statutory obligations under the FDCPA, the Plaintiff has

continued to suffer from a degraded credit report and credit score.  Americollect

has willfully continued to report false information on the Plaintiff's credit

report.

116.    Plaintiff has suffered economic, emotional, general and statutory

damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment

against Americollect for statutory damages, actual damages, costs, interest, and

attorneys' fees as provided by the Fair Debt Collection Practices Act.

<u>**COUNT XVI**</u>

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY CAINE & WEINER**

117.    Plaintiff reincorporates the above paragraphs as if recited verbatim.

23

118.    At all relevant times, Defendant, Caine & Weiner, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

119.    Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

120.    Defendant, Caine & Weiner, is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

121.    Defendant Caine & Weiner's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    b.  15 U.S.C. §1692e by reporting credit information which is known to be false.

122.    To date, and as a direct and proximate cause of the Caine & Weiner's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.  Caine & Weiner has willfully continued to report false information on the Plaintiff's credit report.

123.    Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

24

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Caine & Weiner for statutory damages, actual damages, costs, interest, and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 5, 2021

By: */s/Richard M. Maseles*
Richard M. Maseles
ED MO Bar # 58243MO
110 Crestmere Ave.
Columbia, MO 65203
richard@richardmaseles.com
*Attorneys for Plaintiff,*
*Cassie Green a.k.a.*
*Cassie Hayes- McDonald*

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
